UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GELLER,

    Plaintiff,

v

STATE OF MICHIGAN,

    Defendant,

UNITED STATES OF AMERICA,

    Interested Party.

No. 17-13233

HON. DAVID M. LAWSON

MAG. DAVID R. GRAND

---

| | |
|---|---|
| Bradley Geller (P31441)<br>*Pro Se*<br>601 Huronview Blvd.<br>Ann Arbor, MI  48103<br>734.665.2330 | Patrick S. Myers (P81444)<br>Assistant Attorney General<br>Attorney for Def. State of MI<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI  48909<br>517.373.6434 |

---

Peter A. Caplan (P30643)
United States Attorney's Office
Attorney for Interested Party USA
211 W. Fort Street, Suite 2001
Detroit, MI  48226
313.226.9784

                                                                        /

**DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS**

Defendant State of Michigan, by counsel, submits this motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1), based on the grounds set forth in the accompanying brief. The United States, as an interested party, concurs with the State's motion.[1] As required by Local Rule 7.1(a) for the Eastern District of Michigan, concurrence in the relief requested was further sought from Relator Bradley Geller. On August 16, 2018, the undersigned attempted to contact Relator via telephone and email, and explained the nature of the motion and its legal basis by email. At the time of this submission, the undersigned has not received a response. Since concurrence from Relator was not forthcoming, the filing of this motion was necessary. The State

---

[1] The United States requests that dismissal be without prejudice to the United States.

respectfully requests that the Court (1) dismiss with prejudice Relator's claims against the State and (2) grant any other appropriate relief.

                                            Respectfully submitted,

                                            Bill Schuette
                                            Attorney General

                                            *s/Patrick S. Myers*
                                            Patrick S. Myers (P81444)
                                            Assistant Attorney General
                                            Attorney for Def. State of MI
                                            Civil Litigation, Employment &
                                            Elections Division
                                            P.O. Box 30736
                                            Lansing, MI  48909
                                            517.373.6434
                                            myersp4@michigan.gov
                                            P81444

Dated:  August 16, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GELLER,

    Plaintiff,

No. 17-13233

v

HON. DAVID M. LAWSON

STATE OF MICHIGAN,

MAG. DAVID R. GRAND

    Defendant,

UNITED STATES OF AMERICA,

    Interested Party.

| | |
|---|---|
| Bradley Geller (P31441)<br>*Pro Se*<br>601 Huronview Blvd.<br>Ann Arbor, MI 48103<br>734.665.2330 | Patrick S. Myers (P81444)<br>Assistant Attorney General<br>Attorney for Def. State of MI<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>517.373.6434 |
| Peter A. Caplan (P30643)<br>United States Attorney's Office<br>Attorney for Interested Party USA<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>313.226.9784 | |

    /

**BRIEF IN SUPPORT OF DEFENDANT STATE OF MICHIGAN'S
<u>MOTION TO DISMISS</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss Relator's claims against the State of Michigan for failure to state a claim upon which relief can be granted?

2. Should this Court dismiss Relator's claims against the State of Michigan based on Eleventh Amendment immunity?

3. Should this Court dismiss Relator's claims for lack of standing?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

U.S. Const. amend. XI

*Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000)

*Kreipke v. Wayne State Univ.*, 807 F.3d 768 (6th Cir. 2015)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

## STATEMENT OF FACTS

On October 3, 2017, Relator Bradley Geller filed this *qui tam* action under the False Claims Act ("FCA"), alleging various shortcomings with the Michigan guardianship system. (Compl., R. 1, Page ID # 2.) Relator also mentions claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Michigan Medicaid False Claim Act. (Compl., R. 1, Page ID ## 22-26.) Relator requests myriad injunctive relief against non-parties the Michigan Supreme Court, the Michigan Attorney General, the Michigan Department of Licensing and Regulatory Affairs, and the Michigan Department of Health and Human Services. (Compl., R. 1, Page ID ## 26-36.)

On July 10, 2018, the United States filed a notice of its election to decline to intervene in this action. (Notice, R. 8, Page ID ## 71-74.) On July 19, 2018, the Court entered an order unsealing the complaint and directing service on the State of Michigan.[2] (July 19, 2018 Order, R. 9, Page ID ## 75-76). The Court also ordered "that if any party seeks dismissal of the matter by consent or otherwise, the party must notify

---

[2] The State does not concede that service was proper.

1

and obtain the consent of the United States in accordance with 31 U.S.C. § 3730(b)(1)." (July 19, 2018 Order, R. 9, Page ID # 76.)

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

A party may move to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require a plaintiff's complaint to include "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must plead enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This pleading standard calls for "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action. . . ." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). However, courts are not required to accept mere conclusory statements as true. *Iqbal*, 556 U.S. at 678.

## II. Federal Rule of Civil Procedure 12(b)(1)

A party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A motion that alleges lack of standing is properly characterized as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 744 (E.D. Mich. 2017), citing *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002), citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## ARGUMENT

### I. The State of Michigan is not a proper defendant and should be dismissed.

The FCA is a *qui tam* statute that subjects to liability "[a]ny person" who, *inter alia,* "knowingly presents, or causes to be presented,

3

a false or fraudulent claim for payment or approval . . . to an officer, employee, or agent of the United States." 31 U.S.C. § 3729. The FCA authorizes a private party to "bring a civil action . . . for the person and for the United States Government." *Id.* § 3730(b)(1). The United States investigates the allegations and either intervenes and proceeds with the action, or declines to intervene. *Id.* § 3730(b)(4). "If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." *Id.* § 3730(c)(3).

The U.S. Supreme Court has squarely addressed the issue of whether a state or state agency is a "person" for purposes of the FCA such that it could be subject to *qui tam* liability. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000). In *Stevens*, a relator brought a *qui tam* action against the Vermont Agency of Natural Resources, "alleging that it had submitted false claims to the Environmental Protection Agency (EPA) in connection with various federal grant programs administered by the EPA." *Id.* at 770. The court interpreted the FCA and expressly held that it "does not subject a State (or state agency) to liability in such actions." *Id.* at 787–88. The *Stevens* court concluded that the "various features of the FCA, both as

4

originally enacted and as amended, far from providing the requisite affirmative indications that the term 'person' included States for purposes of *qui tam* liability, indicate quite the contrary." *Id.* at 787.

Here, Relator brings a *qui tam* action against the State under the FCA. As the U.S. Supreme Court has held, the FCA "does not subject a State (or state agency) to liability in such actions." *Id.* at 787–88. Therefore, Relator's FCA claims against the State are plainly foreclosed by the FCA and *Stevens*.

## II. The State of Michigan is entitled to Eleventh Amendment immunity.

The Eleventh Amendment to the U.S. Constitution provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973) (citations omitted). While states may waive sovereign immunity and consent to suit in federal

5

court, such consent must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). This sovereign immunity applies not only to states but also to "those government entities that act as 'arm[s] of the State.'" *S.J. v. Hamilton Cnty.*, 374 F.3d 416, 419 (6th Cir. 2004), citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).

In this case, Relator has filed suit against the State of Michigan in federal court under the FCA (and potentially 42 U.S.C. § 1983, the ADA, RICO, and the Michigan Medicaid False Claim Act). In *Stevens*, the court "express[ed] no view on the question whether an action in federal court by a *qui tam* relator against a State would run afoul of the Eleventh Amendment." 529 U.S. at 787. However, the Sixth Circuit recently affirmed this Court's ruling that a public university was entitled to Eleventh Amendment immunity for claims brought against it under the FCA. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015). In *Kreipke*, a former assistant professor filed a *qui tam* action against a state university alleging that the university "engaged in a deliberate scheme to defraud the federal government in order to inflate the funding that [the university] receives for various federal

6

grants and contracts." *Id.* at 772. The university filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 773. The district court granted the university's motion, and the Sixth Circuit affirmed, holding that a state university, as an "arm of the state," was not a "person" subject to liability under the FCA and that it was entitled to immunity under the Eleventh Amendment. *Id.* at 781.

As in *Kreipke*, most if not all of Relator's federal and state law claims are barred by the doctrine of sovereign immunity under the Eleventh Amendment. *See Kreipke*, 807 F.3d at 781; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . .") (citation omitted); *LeBlanc v. Michigan*, No. 06-CV-13588-DT, 2007 WL 2225860, at *5 (E.D. Mich. Aug. 1, 2007) ("Congress has in no way abrogated, through the RICO Act, the immunity granted by the Eleventh Amendment.").

7

### III. Relator lacks standing to assert his non-FCA claims.

In his complaint, Relator also mentions 42 U.S.C. § 1983, the ADA, RICO, and the Michigan Medicaid False Claim Act. (Compl., R. 1, Page ID ## 22-26.) To the extent Relator asserts any claims under these statutes to which the State is not entitled to Eleventh Amendment immunity, he lacks standing to bring them.

"The threshold question in every federal case is whether the court has the judicial power to entertain the suit." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997), citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975). Article III of the United States Constitution provides that federal courts may exercise jurisdiction only where an actual "case or controversy" exists. *See* U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that [a plaintiff], based on [his] complaint, must establish that [he] ha[s] standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted). It is well-established that "the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

8

favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations omitted).

In his complaint, Relator fails to establish that he has standing to bring any claims other than those under the FCA. The State acknowledges that "a *qui tam* relator under the FCA has Article III standing." *Stevens*, 529 U.S. at 778. Relator simply does not claim any injuries personal to him. Article III "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (quotation omitted). In this case, Relator does not claim any injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted).

Relator alleges that "[d]uring his practice as a lawyer, [Relator's] clients have been adversely affected by practices set forth in this Complaint." (Compl., R. 1, Page ID #14.) However, a plaintiff

9

"generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 500 (citations omitted). Courts have allowed parties to assert another's rights only in "limited" circumstances where the party can make additional showings. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). In *Kowalski*, the U.S. Supreme Court held that attorneys lacked standing to assert the rights of Michigan indigent defendants denied appellate counsel. 543 U.S. at 134. Here, Relator has similarly failed to meet the heightened showings necessary to bring these claims on behalf of his former clients. *Id.* at 130. He therefore lacks standing to assert his non-FCA claims.

## CONCLUSION AND RELIEF SOUGHT

For the reasons discussed above, the State respectfully requests that the Court (1) dismiss with prejudice Relator's claims against the State and (2) grant any other appropriate relief.

> Respectfully submitted,
>
> Bill Schuette
> Attorney General
>
> *s/Patrick S. Myers*
> Patrick S. Myers (P81444)
> Assistant Attorney General
> Attorney for Def. State of MI
> Civil Litigation, Employment &
> Elections Division
> P.O. Box 30736
> Lansing, MI  48909
> 517.373.6434
> myersp4@michigan.gov

Dated:  August 16, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

> *s/Patrick S. Myers*
> Patrick S. Myers
> Assistant Attorney General
> Attorney for Def. State of MI

11