UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GELLER,

      Plaintiff,        Civil Action No. 17-13233
                  Honorable David M. Lawson
v.               Magistrate Judge David R. Grand

STATE OF MICHIGAN,

      Defendant,

UNITED STATES OF AMERICA,

      Interested Party.

               /

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANT'S MOTION TO DISMISS [10]

Before the Court is a Motion to Dismiss filed by Defendant State of Michigan (the "State") on August 16, 2018.[1]  (Doc. #10).  On September 28, 2018, *pro se* Plaintiff Bradley Geller ("Geller") filed a response to this motion (Doc. #15), and the State filed a reply on October 17, 2018 (Doc. #17).  An Order of Reference was entered on August 27, 2018, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (Doc. #11).

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the State's Motion to Dismiss (**Doc. #10)** be **GRANTED**.

---

[1] The United States, as an interested party, concurs with the State's motion.  (Doc. #10 at 2).

## II.     REPORT

### A.     Background

On October 3, 2017, Geller filed this *qui tam* action under the False Claims Act ("FCA"), alleging various shortcomings within the Michigan guardianship system.[2]   (Doc. #1).   Geller's complaint also mentions claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Michigan Medicaid False Claims Act.   (*Id.* at 22-26).   Geller seeks injunctive relief against various non-parties, including the Michigan Supreme Court, the Michigan Attorney General, the Michigan Department of Licensing and Regulatory Affairs, and the Michigan Department of Health and Human Services.   (*Id.* at 26-36).   The State now seeks dismissal of Geller's complaint, in relevant part, pursuant to Fed. Rule Civ. P. 12(b)(1).[3]   (Doc. #10).

### B.     The Applicable Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction.   "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties:  a facial attack or a factual attack."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).   At issue here is a facial attack, which is a challenge to the sufficiency of the pleading itself.  *See Ritchie*, 15 F.3d at 598.   "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving

---

[2] On July 10, 2018, the United States filed a notice of its election to decline to intervene in this action.  (Doc. #8).

[3] In its motion, the State argues that it is not a proper defendant for purposes of Geller's *qui tam* claim under the FCA.  (Doc. #10 at 9-11).  In response, Geller indicates that he is "amenable to dropping the State as a defendant for the *qui tam claim*, and only the *qui tam claim*, while keeping the State as a defendant for other claims."  (Doc. #15 at 4).  Thus, dismissal of Geller's *qui tam* claim is appropriate.

party."  *Id*.  Under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to

survive the motion to dismiss.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266,

269 (6th Cir. 1990).

###### C.      Analysis

As set forth above, Geller has agreed to dismissal of his *qui tam* claim against the State.

(Doc. #15 at 4).  At issue, then, is the sufficiency of his remaining claims, which he purports to

bring under 42 U.S.C. § 1983, the ADA, RICO, and the Michigan Medicaid False Claims Act.

(Doc. #1 at 22-26).  In relevant part, the State argues that dismissal of these claims is appropriate

because Geller lacks standing to assert them.[4]  (Doc. #10 at 14-16).

The Sixth Circuit has recognized that, "The threshold question in every federal case is

whether the court has the judicial power to entertain the suit."  *Nat'l Rifle Ass'n of Am. v.*

*Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).  Article III of the United States Constitution provides

that federal courts may exercise jurisdiction only where an actual "case or controversy" exists.

U.S. Const. art. III, § 2.   "One element of the case-or-controversy requirement is that [a

plaintiff], based on [his] complaint, must establish that [he] ha[s] standing to sue."  *Raines v.*

*Byrd*, 521 U.S. 811, 818 (1997).  To this end, it is well-established that:

> … the 'irreducible constitutional minimum' of standing consists of three
> elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is
> fairly traceable to the challenged conduct of the defendant, and (3) that is
> likely to be redressed by a favorable judicial decision.  The plaintiff, as the
> party invoking federal jurisdiction, bears the burden of establishing these
> elements.

---

[4] The State also argues that "most if not all" of Geller's federal and state law claims are barred
by the doctrine of sovereign immunity under the Eleventh Amendment. (Doc. #10 at 11-13).  In
response, Geller asserts – contrary to what he pled in his complaint (Doc. #1 at 36) – that he is
seeking only equitable relief, and, thus, the Eleventh Amendment does not bar his claims (Doc.
#15 at 10).  Because the Court is recommending dismissal of Geller's claims on other grounds, it
need not consider the merits of the parties' Eleventh Amendment immunity arguments.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted).  In other words,

of particular relevance here, Article III "requires the party who invokes the court's authority to

show that *he personally has suffered some actual or threatened injury* as a result of the

putatively illegal conduct of the defendant."  *Valley Forge Christian Coll. v. Americans United*

*for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotation omitted)

(emphasis added).

In this case, a review of Geller's complaint establishes that he lacks standing to bring any

of his non-FCA claims because he simply does not allege that he personally suffered any injuries

as a result of the State's alleged actions.  Rather, Geller alleges only that "[d]uring his practice as

a lawyer, [his] clients have been adversely affected by practices set forth in this Complaint."

(Doc. #1 at 13).  Such an allegation is insufficient, however, as a plaintiff "generally must assert

his own legal rights and interests, and cannot rest his claim to relief on the legal rights or

interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Kowalski v.*

*Tesmer*, 543 U.S. 125, 129 (2004).  Thus, it certainly appears that Geller lacks the necessary

"injury in fact" required to confer standing.

Geller argues, however, that, under certain limited circumstances, courts will allow a

plaintiff to assert the rights of a third party.[5]  (Doc. #15 at 14-25).  It is true that "[a] plaintiff

may raise a constitutional claim on behalf of a third party if he can prove (1) injury-in-fact to the

---

[5] In his response to the State's motion, Geller also references an individual named "Ronald E. Boucher," who he claims was named in an amended complaint purportedly filed with the Court. (Doc. #15 at 2).  According to Geller, Mr. Boucher "is under court-ordered guardianship even though he does not meet the two statutory thresholds for appointment of a guardian"; thus, Mr. Boucher allegedly has standing to pursue the claims at issue herein, both on behalf of himself and as a representative of a class.  (*Id.* at 11).  To date, however, Geller has not filed such an amended complaint, nor can he do so without the written consent of the State or leave of Court. *See* Fed. R. Civ. P. 15(a)(2).  Thus, Geller's October 3, 2017 complaint remains the operative complaint in this action.

plaintiff, (2) a close relationship between the plaintiff and the third party whose rights he asserts,

and (3) a hindrance preventing the third party from raising his own claim." *Moody v. Michigan*

*Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017) (citing *Kowalski*, 543 U.S. at 129-30).

Presumably, a "close relationship between the litigant and third party ensures that the plaintiff

will effectively advocate for the third party's rights." *Moody*, 847 F.3d at 402.

There are two problems with Geller's argument. First, for the reasons set forth above,

Geller simply has not shown that *he* personally suffered an injury in fact. Second, even if Geller

had made such a showing, and also was able to demonstrate a "close relationship" with the third

parties whose rights he seeks to assert,[6] the fact still remains that he has not sufficiently alleged a

hindrance preventing these third parties from raising their own claims. The Sixth Circuit has

recognized that, "Determining the existence of a hindrance requires examining 'the likelihood

and ability of the third parties … to assert their own rights.'" *Moody*, 847 F.3d at 402 (quoting

*Powers v. Ohio*, 499 U.S. 400, 414 (1991)). Here, Geller has failed to offer any concrete reason

beyond mere anecdotal assertions[7] why the third parties at issue – who allegedly are improperly

subject to guardianships – cannot assert their own rights in challenging the propriety of such

---

[6] It is this prong of the *Moody* test to which Geller dedicates the majority of his response brief. (Doc. #15 at 14-25). Regardless of whether Geller has a sufficiently close relationship with the third parties whose claims he seeks to advance, however, he cannot meet either of the other two elements necessary to establish standing.

[7] For example, Geller asserts that, "Drawing upon his experience, [he] believes there are hundreds of individuals who have a guardian and whose rights and lives have been adversely affected by improper actions and inactions of the Defendants." (Doc. #15 at 12). He variously asserts that "[i]ndividuals under a court order of guardianship haven't access to justice through appeals …"; "an 85-year old woman under guardianship most certainly does not" know her appeal rights; and, even "if an individual is aware of her or his right to appeal, she or he [] faces the wrath of, and retaliation by, the guardian [who] [i]n practice [] can block the ability of an individual to use the telephone, to have any visitors, to send and receive mail." (*Id.* at 19, 20, 21). Such assertions are devoid of factual support, however, and simply do not establish – in a concrete manner – the alleged hindrances preventing such individuals from pursuing their own claims.

guardianships.[8]  Indeed, any individual dissatisfied with a probate court's adjudication of his or her rights and interests in a guardianship proceeding may appeal the court's decision to the Michigan Court of Appeals as a matter of right.  *See* M.C.R. 5.801(A)(3); *see also Kowalski*, 543 U.S. at 132 (finding no hindrance where state court appellate review was available).   The Michigan Court Rules also provide for periodic review of guardianships by a court-appointed investigator, and, if an individual requests or petitions for modification of guardianship, court appointment of attorneys for representation.  *See* M.C.R. 5.408.  Accordingly, Geller has failed to show any hindrance preventing these individuals from raising their own claims, and he therefore lacks standing to assert his remaining, non-FCA claims.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the State's Motion to Dismiss (**Doc. #10**) be **GRANTED** and Geller's claims against the State be dismissed in their entirety and with prejudice.

Dated: October 26, 2018                                     s/David R. Grand
Ann Arbor, Michigan                                        DAVID R. GRAND
                                                           United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

---

[8] Indeed, the Court notes that Ronald Boucher – the one specific individual referenced by Geller in his response brief, and through whom Geller attempts to assert standing – is not even alleged to be mentally incompetent.  To the contrary, Geller explains that Boucher "is under court-ordered guardianship even though he … is not an incapacitated person (that is, he is capable of making informed decisions about his care) and guardianship is not necessary (he is fully able to voluntarily execute a durable power of attorney for health care)."  (Doc. #15 at 11).

72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
