UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GELLER and
RONALD E. BOUCHER,

Plaintiffs,

v.

STATE OF MICHIGAN, *et al.*,

Defendants,

UNITED STATES OF AMERICA,

Interested Party.
_________________________________/

Civil Action No. 17-13233
Honorable David M. Lawson
Magistrate Judge David R. Grand

**REPORT AND RECOMMENDATION TO DENY DEFENDANT PUBLIC ADMINISTRATORS' MOTION FOR RULE 11 SANCTIONS [61]**

## I. REPORT

### A. Background

On October 3, 2017, Plaintiff Bradley Geller ("Geller") filed a *qui tam* complaint against the State of Michigan, alleging various shortcomings within Michigan's guardianship system.[1] (Doc. #1). Subsequently, Geller – along with co-plaintiff Ronald Boucher – filed an amended complaint, which, although not docketed properly, was deemed filed as of September 18, 2018. (Docs. #19, #20).

Then, on February 5, 2019, with this Court's permission, Plaintiffs filed a second amended complaint. (Doc. #35). This second amended complaint asserted claims against four groups of defendants – the St. Clair County Defendants, the State of Michigan

---

[1] An Order of Reference was entered on August 27, 2018, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #11).

Defendants (including, *inter alia*, the State of Michigan, its Attorney General, Dana Nessel, and Michigan Supreme Court Justice Bridgette McCormack), the Washtenaw County Defendants, and eight public administrators (the "Public Administrators") – and each group responded by filing a separate motion to dismiss. (Docs. #35, #53, #54, #55, #56).[2] On April 26, 2019, this Court issued a Report and Recommendation to grant all four motions to dismiss and to dismiss all of Plaintiffs' remaining claims (the "R&R"). (Doc. #66). The R&R was adopted on May 16, 2019 (Doc. #69), and Plaintiffs' subsequent "Motion to Alter Judgment" was denied on July 17, 2019 (Doc. #75). Thus, the docket reflects that this action is "closed."

However, on March 22, 2019, while the defendants' motions to dismiss remained pending, the Public Administrators filed a Motion for Rule 11 Sanctions against Plaintiffs, Geller and Boucher. (Doc. #61). On April 26, 2019, when Plaintiffs had failed to file a timely response to this motion for sanctions, the Court issued an order requiring them to show cause, in writing, why the Court should not recommend that the Public Administrators' motion be granted. (Doc. #67). On May 14, 2019, the Court received Plaintiffs' response to the Public Administrators' motion for sanctions.[3] (Doc. #68). No reply brief was filed, and oral argument was heard on this motion on July 31, 2019. Upon consideration of Plaintiffs' written response and the arguments presented at oral argument, the Court will **VACATE** its Order to Show Cause (**Doc. #67**), and will proceed

[2] The second amended complaint also named as defendants "all Michigan Probate Courts" and "all [] Michigan Counties," but none those defendants (save for St. Clair County and Washtenaw County) was ever served with process. (Doc. #35).

[3] Subsequently, on May 28, 2019, Plaintiffs filed a Motion to Alter Judgment to Correct Mistake, to Vacate Referral to Magistrate Judge, and for Recusal, which also purports to contain an additional response to the Public Administrators' motion for sanctions. (Doc. #72).

to consider the merits of the Public Administrators' Motion for Sanctions (Doc. #61).

**B. Analysis**

As set forth above, after filing their motion to dismiss, the Public Administrators filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. (Doc. #61). In their motion, the Public Administrators argue that sanctions are warranted under Rule 11(b)(2) because Plaintiffs' claims against them in the second amended complaint were not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law (or establishing new law). (*Id.* at 14-16). The Public Administrators also argue that sanctions are warranted under Rule 11(b)(1) because Plaintiffs' allegations of fraud were so lacking in particularity as to demonstrate that Plaintiffs pursued the claims at issue for the improper purpose of harassing the Public Administrators. (*Id.* at 16-18). Each of these arguments is addressed below.

Rule 11(b) provides that, when an attorney or unrepresented party presents a pleading to the Court, he is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …."

Fed. R. Civ. P. 11(b). Rule 11(c) states that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). *Pro se* plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel. *See Kaye v. Acme Investments, Inc.*, No. 08-12570, 2008 WL 4482304, at *1 (E.D. Mich. Oct. 1, 2008) ("*Pro se* litigants must comply with Rule 11 no less than attorneys, and must make a reasonable inquiry as to whether the pleading in question is well-grounded in fact and warranted by existing law."). At any rate, it appears that the only unrepresented plaintiff[4] here, Bradley Geller, is a licensed attorney in the State of Michigan.

The Public Administrators first argue that sanctions are warranted under Rule 11(b)(2) because Plaintiffs' claims against them were "obviously barred by the *Rooker-Feldman* doctrine" and because a reasonable inquiry into the law would have revealed that Plaintiffs lacked standing because they had not suffered "an injury-in-fact traceable to the Public Administrators and redressable by a favorable decision …." (Doc. #61 at 14, 15). Courts have the discretion to determine whether a party's conduct – in conducting an inquiry to determine that claims are grounded in fact and law – is reasonable under the circumstances, and reasonableness is an objective standard. *See Dietrich v. City of Grosse Pointe Park*, No. 16-11049, 2017 WL 764613, at *3 (E.D. Mich. Feb. 28, 2017). Here, the Court concluded in its R&R that, to the extent Boucher

[4] Geller signed the operative amended complaint, "Bradley Geller, for Plaintiffs." (Doc. #35 at 49).

asserted claims against his public guardian and those involved in the administration of his guardianship, those claims were barred by *Rooker-Feldman*. (Doc. #66 at 17-25). However, none of those claims was asserted against the Public Administrators. (Doc. #56 at 13) ("Boucher, whose guardian is St. Clair County Public Guardian, doesn't assert (or have) any claims against the Public Administrators."). Thus, it appears there is no basis for the Public Administrators to seek Rule 11 sanctions against Boucher.

Moreover, the Court did not address the applicability of *Rooker-Feldman* to Geller's claims against the Public Administrators because it found those claims failed for other reasons. (Doc. #66 at 8-17). And, at oral argument on the instant motion, Geller provided additional detail about the types of claims he was trying to plead in the second amended complaint, including against the Public Administrators, and why he believed those particular claims did not implicate *Rooker-Feldman*. (*See also* Doc. #68 at 24-25). While Geller's arguments do not change the Court's analysis in its R&R, in light of the foregoing, the Court is disinclined to impose a monetary sanction against Geller based on the Public Administrators' argument that all of his claims are barred by *Rooker-Feldman*. *See, e.g., Grossman v. DTE Energy Co.*, No. 10-13712, 2010 WL 5279836, at *4 (E.D. Mich. Dec. 17, 2010) (declining to award Rule 11 sanctions despite the fact that "the plaintiff's legal theories [were] rejected as thinly supported by the facts …") (internal quotations omitted).

Moreover, although the Court ultimately concluded that Geller lacked third-party standing to bring claims on behalf of individuals subject to guardianships because the only "injury" he alleged in the second amended complaint – that he was "specially

aggrieved by the failure of legislative reforms he helped draft to be honored by probate courts" – did not arise out of a "legally protected interest" (Doc. #66 at 13 (citing Doc. #35 at 9)), Geller's argument about individuals under guardianship having certain inherent challenges to independently pursuing their rights (Doc. #68 at 28-29) is far from frivolous. Although the Court found that Geller's arguments were not meritorious under the law, one could reasonably find that, as to this issue, he presented "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). For all of these reasons, the Court recommends denying the Public Administrators' request for sanctions under Rule 11(b)(2).

The Public Administrators also argue that sanctions are warranted under Rule 11(b)(1) because Geller's actions – in accusing them of Medicaid fraud without pleading such claims with particularity – demonstrate that he "filed this action for the improper purpose of harassing and painting the Public Administrators in a negative light." (Doc. #61 at 18). Geller denies pursuing claims against the Public Administrators for any improper purpose, however, pointing out that the Public Administrators "have provided neither a description of any harassing behavior nor a hint of any nefarious motive." (Doc. #68 at 16). Geller further asserts that he named as defendants the eight individual Public Administrators only after "[t]he court, uncomfortable with individuals and organizations sued as a class, i.e., 'professional guardians,' 'probate courts,' and 'counties,' suggested plaintiffs identify specific defendants by name." (*Id.*).

Having considered the parties' respective arguments on this issue, the Court is not persuaded that sanctions are appropriate under Rule 11(b)(1). For purposes of Fed. R.

Civ. P. 11(b)(1), the Court has the discretion to determine whether an "improper purpose" exists. *See Kircher v. Charter Twp. of Ypsilanti*, No. 07-13091, 2007 WL 4557714, at *3 (E.D. Mich. Dec. 21, 2007). In making this determination, the court applies an "objective standard of reasonableness." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991)). Here, although the claims asserted against the Public Administrators were devoid of legal merit for the reasons explained in the R&R, there is simply no indication that they were brought for an improper purpose; rather, it appears that Geller was motivated by a sincere desire to expose and correct subjectively-perceived deficiencies in Michigan's guardianship system. Although Geller should have included specific factual allegations against the Public Administrators in the operative amended complaint *in the first instance*, or at a minimum moved the Court for leave to file another amended complaint to include factual allegations that he believed he was wrongly prevented from asserting, Geller did dedicate a section of the Plaintiffs' omnibus response to the Defendants' motions to dismiss to alleged "specific breaches of duty" by the Public Administrators. (Doc. #60 at 62-83). While the Court concurs with the Public Administrators (Docs. #63 at 4; #66 at 14, n.5) that Geller could not cure the complaint's factual deficiencies by asserting new factual allegations in the response brief, *see, e.g.*, *Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief"); *Newman v. Encore Cap. Grp.*, No. 16-11395, 2017 WL 3479510, *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss"),

Geller's attempt to do so, misguided and belated as it might have been, cuts against a finding that he filed the second amended complaint for an improper purpose.

The Sixth Circuit has recognized that district courts have "broad discretion in determining when a sanction is warranted and what sanction is appropriate." *Nieves*, 153 F. App'x at 353. Here, for all of the reasons stated above, the Court recommends denying the Public Administrators' request for sanctions under Rule 11(b)(1).

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the Public Administrators' Motion for Rule 11 Sanctions (**Doc. #61**) be **DENIED**.

Dated: August 7, 2019
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may

have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager